Thomas M. Kavanagh
Reg. No. 17078-038
FCI Otisville, Box 1000
Otisville, New York 10963


BY CERTIFIED MAIL

March 11, 2005

Honorable Walter Jay Skinner
United States District Judge
U.S. District Court for the
District of Massachusetts
J.J. Moakley U.S. Courthouse
One Courthouse Way
Boston, MA 02210

      Re: **United States v. Thomas Kavanaugh**,
          88-00341-02-S

Dear Judge Skinner,

    Please accept this letter as my request for your consideration for relief under **United States v. Booker**, 125 S.Ct. 738 (2005). As I have no legal training, I respectfully request that you kindly construe my letter in a manner that would allow you to reach the merits of my request, whether that be pursuant to 28 U.S.C. s. 2255, 28 U.S.C. ss. 1651 and 2241, or some other vehicle.

    I am writing to you after learning that the Supreme Court's decision in **Booker** has been read to deem the U.S. Sentencing Guidelines "advisory," rather than mandatory. At the time of my sentencing on July 24, 1989, Your Honor imposed a sentence of 262 months for bank robbery, with an additional 60 months imposed for violation of 18 U.S.C. s. 924(c). The total term of 322 months, some twenty-seven years, represents the minimum allowable term under the then-mandatory Guidelines.

    I have learned that the U.S. Court of Appeals for the First Circuit has recently decided a case in which it held that while the error discussed in **Booker** was that the Guidelines were mandatory, a defendant seeking relief would need to provide some demonstration that the sentencing judge might have imposed a lesser sentence, if not for the mandatory application of the Guidelines. **United States v. Antonakopoulos**, No. 03-1384 (Feb. 22, 2005). As the record in this case appears to show such evidence, I would like to request your consideration.

During my sentencing, Your Honor made several statements suggesting that a different outcome might have occurred if not for the mandatory application of the Guidelines. At my sentencing, the Court stated that it was "reluctant" to impose the sentence mandated by the Guidelines, but that it didn't "have any choice" but to do so. See Sentencing Transcript ("ST"), at 7. See also ST, at ("No, you don't have to concerned about my going over the minimum guidelines, I consider them extremely severe"). In imposing sentence, the Court said,

> Well, I'm genuinely troubled by guideline sentencing anyway, but it's been enacted by Congress and so far has been sustained by the Supreme Court and it is the law of the land. And the requirement for departing from the guideline is a situation is revealed which was manifestly not contemplated by the Commission when the guidelines were established. I can't in good conscience say that it is so. I think this is precisely the type of defendant that the Commission had in mind. While I disagree with the numbers involved, I think I am obliged to impose the minimum. And so for Mr. Kavanaugh, he is commited to the custody of the Bureau of Prisons for 262 months . . .

ST, at 12.

It is my understanding of **Antonakopoulos** that in order to establish a **Booker** error, at least under the plain error standard used on appeal, the defendant must present specific facts demonstrating a reasonable probability that the judge would have imposed a lesser sentence if not mandated by the Guidelines; that burden would be satisfied by a showing that judge specifically stated that a lower sentence was appropriate but that the Guidelines did not allow it. Based on the Court's comments at sentencing, and post-sentencing matters involving Messrs. Ferrera and Hickey, the facts of this case might warrant examination under **Booker**.

As Your Honor is aware, my case has been considered under 28 U.S.C. s. 2255 on a previous occasion, and that fact puts my request in a difficult procedural posture. As such, I request your consideration of this matter in whatever legal form would be appropriate. However, if it is necessary for me to present a more formal application for relief, or in fact present further argument on this subject, I would be grateful if you would so advise me, so that I may attempt to do so.

As a final point, I would like to make it clear to the Court that my request is not one to escape punishment for the crime I was convicted for. I have already paid a dear price, having been incarcerated for over sixteen years of my life. I am no longer the young man I was when the crime at issue occurred, and I have lost family members over these long years, including my own brother, while not even being permitted to attend his wake or funeral. My parents are now elderly, and if there is any way possible for me to return to my family sooner, then I feel obligated to pursue it.

Thank you very much for your kind attention and consideration in this matter.

Very truly yours,

Thomas M. Kavanagh

cc: USAO (by first class mail)
    file.