IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
THOMAS M. KAVANAGH,            :
          Petitioner,          :       Civil Action.
     v.                        :
                               :       NO. 05-10526-RCL
UNITED STATES OF AMERICA,      :
          Respondent           :
```

**MEMORANDUM OF LAW IN RESPONSE TO DEFENDANT'S
PETITION CHALLENGING CRIMINAL SENTENCE**

Thomas M. Kavanagh ("Kavanagh") has written a letter challenging the criminal sentence imposed on him in <u>United States v. Kavanagh</u>, et. al. C.R. No. 88-341-S in light of <u>Booker</u>. Because <u>Booker</u> does not support reopening a criminal matter that reached final judgment well over a decade ago, this Court should find Kavanagh's petition without merit.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

In 1989, a jury convicted Kavanagh of conspiring with Robert Hickey, John Maguire, and William Ferreira, armed bank robbery, and use of a firearm during the commission of the armed robbery, in violation of 18 U.S.C. § 371, 18 U.S.C. § 2113(d), and 18 U.S.C. § 924(c).[1] The four conspirators robbed the Bank of New England in Braintree on October 18, 1988, making off with

---

[1] Kavanagh, Maguire, and Ferreira were tried separately. <u>United States v. Maguire</u>, 918 F.2d 254 (1st Cir. 1990).

approximately $30,000. [Tr.Vol.I: 68, 72, 76].

Kavanagh's record rendered him a career offender for sentencing purposes.  The sentencing guideline range was 262 to 327 months for the armed robbery conviction. Kavanagh's §924(c) conviction required an additional, consecutive 60-month minimum sentence.   The Court, (Skinner, J.) sentenced Kavanagh to the minimum term of 262 months plus 60 months consecutive for the §924(c) conviction.

In 1993, Kavanagh filed a §2255 motion attacking his sentence as a career offender, which was denied.  In 1997, he sought leave to file a second and successive petition, which was also denied by the First Circuit Court of Appeals (No. 97-8031.)

On March 21, 2005, Kavanagh filed the instant *pro se* petition challenging his criminal sentence in light of United States v. Booker, 125 S.Ct. 738 (2005).

**ARGUMENT**

**A.    The Supreme Court's decision in Booker does not apply to Kavanagh's case since his original sentence was imposed more than 15 years before that decision was issued.**

The decision in Booker[2] does not apply to Kavanagh's case because Booker's constitutional pronouncements do not apply to cases that reached final judgment before it was issued.  See Ernesto-Cirilo Munoz v. United States, 404 F.3d 527, 532-533 (1st

---

[2] As the Court is aware, the decision in Booker found unconstitutional the mandatory nature of the federal Sentencing Guidelines. 125 S.Ct. at 746.

2

Cir. 2005) (collecting cases from other Circuits and finding that <u>Booker</u> does not allow reopening of cases having reached final judgment absent further guidance from Supreme Court). In <u>Teague v. Lane</u>, 489 U.S. 288, 310 (1989), the Supreme Court made clear that, "[u]nless they fall within an exception to the general rule, new constitutional rules of criminal procedure will not be applicable to those cases which have become final before the new rules are announced."[3]  Justice Breyer appeared to reiterate this view in <u>Booker</u> when he wrote that, "[the courts ] must apply today's holdings--both the Sixth Amendment holding and our remedial interpretation of the Sentencing Act--to all cases on direct review," while remaining silent on the application of the decision to sentencing issues raised for the first time on collateral attack. 125 S.Ct. at 769.  The Court's silence on this issue is deafening because <u>Teague</u>'s principle of retroactive non-applicability of new constitutional rules is well-settled.  <u>See e.g.</u>, <u>Beard v. Banks</u>, 124 S.Ct. 2504 (2004); <u>Shriro v. Summerlin</u>, 124 S.Ct. 2519 (2004); <u>Horn v. Banks</u>, 536 U.S. 266 (2002). In Kavanagh's case, there is no question that his conviction and sentencing reached final judgment over a decade ago.  He has exhausted his direct appeals and is now seeking to overturn his sentencing decision for the second time through an impermissible

---

[3] In <u>Munoz</u>, the First Circuit found that none of the <u>Teague</u> exceptions applied to <u>Booker</u> collateral attacks. 404 F.3d at 532-533.

collateral attack.

**B.   Kavanagh's Petition Does Not Meet the Gatekeeping Rules for a Second or Successive Motion Under §2255**

As noted above, Kavanagh filed his first collateral attack under §2255 in 1993, which was summarily denied, and did not receive permission to file a second petition in 1997.  His current petition is actually a collateral attack on his sentence based on Booker and should be so regarded by this Court.  See Calderon v. Thompson, 523 U.S. 538, 553 (1998)(prisoner's motion to recall the mandate of a court of appeals' decision affirming the denial of habeas relief "can be regarded as a second or successive application for purposes of" the gatekeeping rules where the motion attacks "the merits of the underlying decision; [o]therwise, petitioners could evade the [gatekeeping] bar" merely by placing unusual labels on their pleadings).

The final paragraph of Section 2255 provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain" either newly discovered evidence that establishes the prisoner's innocence, or a new rule of constitutional law made retroactive by the Supreme Court.  28 U.S.C. 2255 ¶ 8.  Section 2244 of Title 28 sets out the certification procedures that must be followed.  It provides that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of

appeals for an order authorizing the district court to consider the application."  28 U.S.C. 2244(b)(3)(A).

It is widely recognized that these gatekeeping rules are "jurisdictional," - that is, they limit the power of the district court to consider a second or successive motion absent proper certification from the court of appeals.  See, e.g., Torres v. Senkowski, 316 F.3d 147, 151-152 (2d Cir. 2003); United States v. Key, 205 F.3d 773, 774-775 (5th Cir. 2000); In re Page, 170 F.3d 659, 661 (7th Cir.), modified on denial of rehearing en banc, 179 F.3d 1024 (7th Cir. 1999).  Nor does it matter for the gatekeeping rules to apply that the basis for the second §2255 claim may have been previously unavailable to the petitioner. See Sustache-Rivera v. United States, 221 F.3d 8, 13-14 (1st Cir. 2000) (describing as "questionable" the assertion that the court should create an exception to the gatekeeping rules for claims that could not reasonably have been presented in an earlier petition).

Thus, where Kavanagh has filed what amounts to a second §2255 motion and has not first received an order from the Court of Appeals authorizing the filing of his petition, it should be dismissed on that procedural ground alone.

**CONCLUSION**

For the reasons stated above, this Court should deny Kavanagh's petition as without merit.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ S. Theodore Merritt
S. Theodore Merritt
Assistant U.S. Attorney

CERTIFICATE OF SERVICE

This is to certify that I have this day served upon the person listed below a copy of the foregoing document by depositing in the United States mail a copy of same in an envelope bearing sufficient postage for delivery:

Thomas A. Kavanagh
FCI Otisville Box 1000
Otisville, NY 10963

This 28th day of September, 2005.

/s/ S. Theodore Merritt
S. THEODORE MERRITT
ASSISTANT UNITED STATES ATTORNEY

*FILED ELECTRONICALLY*