UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
THOMAS M. KAVANAUGH,               )
          Petitioner,              )
                                   )   CIVIL ACTION NO.
     v.                            )   05-10526-RCL
                                   )
UNITED STATES OF AMERICA,          )
          Respondent.              )
_____ _)

MEMORANDUM ORDER

LINDSAY, District Judge.

  Before the court is a petition of Thomas M. Kavanaugh challenging the sentence imposed on him in 1989 by Judge Walter J. Skinner of this court. The petition has been filed pursuant to 28 U.S.C. § 2255. The sentence in question followed the petitioner's conviction of the offenses of armed bank robbery and use of a firearm during and in relation to the commission of that robbery. Judge Skinner sentenced the petitioner under the then applicable Sentencing Guidelines. The guideline range, after all sentencing considerations were taken into account (including the career offender provisions of the Guidelines), was 262-327 months. Judge Skinner imposed sentence at the low end of the guideline range, 262 months, and added a mandatory 60 months to that term for the firearms offense, in accordance with 18 U.S.C. § 924(c).

  In the course of imposing the sentence, Judge Skinner expressed his reservations about sentencing generally under the Guidelines, saying, among other things: "I am genuinely troubled by Guideline sentencing anyway, but it's been enacted by Congress and so far has been sustained by the Supreme Court and it is the law of the land." Although Judge Skinner also seemed

concerned about the length of the sentence to be imposed on the petitioner under the Guidelines, the judge found no ground for departing from the applicable Guideline range.

The petitioner relies on the Supreme Court's decision in *United States v. Booker*, 125 S.Ct. 738 (2005) and the decision of the United States Court of Appeals for the First Circuit in *United States v. Antonakopoulos*, 399 F.3d 68 (1st Cir. 2005), in arguing for relief in the form of resentencing. The Supreme Court in *Booker* held that the sentencing of federal defendants under the then-existing regime of mandatory Guidelines was unconstitutional to the extent that the regime permitted the sentencing judge to determine facts which increased a sentence beyond that authorized by the jury verdict or by admissions of a defendant. *See Booker,* 125 S. Ct. at 747-56 (opinion by Justice Stevens). Rather than discard the Guidelines altogether, however, the Court retained them as advisory considerations to be taken into account by the sentencing judge. *Id.* at 757, 764 (opinion by Justice Breyer.)

By its terms, *Booker* applied prospectively and to cases pending on direct review at the time of the decision in that case. *See id.* at 769. The present case had reached finality long before the decision in *Booker*. Moreover, it does not appear from the record before me that the petitioner raised a constitutional objection to his sentence at the time it was imposed. He thus did not preserve a claim of constitutional error.

The question thus raised by the present petition is whether *Booker* applies retroactively to provide relief to the petitioner who made no timely objection to the constitutionality of the mandatory Guidelines. *Booker*, of course, teaches that the mandatory guidelines system, under which the petitioner was sentenced, was unconstitutional. The sentence imposed on the petitioner under a system of mandatory guidelines therefore was constitutional error.

The problem for the petitioner, however, is that the new rules of sentencing announced in *Booker* do not apply retroactively to a case that became final decades ago. *See Cirilo-Muñoz v. United States,* 404 F.3d 527, 532 (1st Cir. 2005). As the First Circuit ruled in *Cirilo-Muñoz,* the limited circumstances requiring retroactive application of *Booker* (new rules that prohibit criminal penalties for certain primary conduct and new rules that forbid the imposition of certain kinds of punishment for particular classes of defendants) do not apply here. *Id.* Nor, according to the First Circuit, is retroactive application required because *Booker* was a "watershed" decision (a decision that announces a new rule that declares a particular criminal procedure fundamentally unfair or that calls into question the accuracy of convictions under the antecedent procedure), requiring retroactive application. *Id.* Accordingly, the petitioner is not entitled to the relief he seeks.

The clerk shall enter judgment for the respondent, United States of America, and terminate this case on the docket of the court.

SO ORDERED.

  /s/ REGINALD C. LINDSAY  
UNITED STATES DISTRICT JUDGE

DATED: November 22, 2005